IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 23-cv-01480-PAB

PELEUS INSURANCE COMPANY, a Virginia Corporation,

    Plaintiff,

v.

741, INC., a Colorado corporation,
CHRISTOPHER MCMULLEN, an individual,
AMANDA MCMULLEN, an individual,
AM, a minor,
EH, a minor,
CAROL MCMULLEN, an individual,
SUZANNE MCMAHON, an individual,
BM, a minor, and
DOES 1-30,

    Defendants.

---

## ORDER TO SHOW CAUSE

---

The Court takes up this matter *sua sponte*. In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *See Citizens Concerned for Separation of Church & State v. City & Cnty. of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Gr. Brit. PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the Court's duty to do so. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). Second, regarding subject matter jurisdiction, "the consent of the parties is irrelevant, principles of estoppel do not apply, and a party does

not waive the requirement by failing to challenge jurisdiction." *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (citations omitted). Finally, delay in addressing the issue only compounds the problem if, despite much time and expense having been dedicated to the case, a lack of jurisdiction causes it to be dismissed. *See U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

"The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Plaintiff Peleus Insurance Company ("Peleus") asserts that this Court has subject matter jurisdiction over the case pursuant to 28 U.S.C. § 1332. Docket No. 9 at 3, ¶ 10. Under 28 U.S.C. § 1332(a), "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

The amended complaint does not sufficiently allege the citizenship of defendants Does 1-30. Peleus names "Does 1-30" as defendants and states that the "true names and capacities, whether individual, corporate, associate, or otherwise" of these defendants are "unknown to Peleus." Docket No. 9 at 2-3, ¶ 9. Peleus states that it "believes that each of the Defendants named as Doe is liable to Peleus for the matters alleged" in the amended complaint. *Id*. However, Peleus does not reference the Doe defendants in the amended complaint's allegations and does not allege the citizenship of Does 1-30. Although "[t]he Tenth Circuit has not opined on whether the naming of unknown Doe defendants with the filing of a complaint in federal court destroys diversity jurisdiction," a number of trial courts "have found that plaintiffs who fail to identify the

2

citizenship of each John Doe defendant fail to establish diversity jurisdiction" as a general rule.  *United Financial Cas. Co. v. Lapp*, No. 12-cv-00432-MSK-MEH, 2012 WL 7800838, at *5 (D. Colo. Oct. 12, 2012) (collecting cases), *report and recommendation adopted*, 2013 WL 1191392 (D. Colo. Mar. 21, 2013).  There are three acknowledged exceptions to the general rule that including Doe defendants destroys diversity, "(1) . . . naming a Doe defendant does not defeat a named defendant's right to remove a diversity case if its citizenship is diverse from the plaintiff's; (2) if the Doe defendant is merely a 'nominal' party, it may be irrelevant to diversity jurisdiction; and (3) the domicile of a fugitive defendant will be considered to be his domicile before he fled." *Id*. at *6 (citing *Moore v. General Motors Pension Plans*, 91 F.3d 848, 850 (7th Cir. 1996)).  This case was not removed, and Peleus makes no allegations that there are fugitive defendants.  As a result, only the second exception could apply in this case.  "[A] fictitious party is 'nominal' if the plaintiff includes the party in the complaint in the event that during discovery he identifies any additional defendants he wishes to add to the suit. . . .  A fictitious party is not nominal, though, where the plaintiff knows that there are specific additional defendants he wishes to sue, but is uncertain as to their names." *Id*. (quoting *Moore*, 91 F.3d at 850).  Peleus has not established that Does 1-30 are nominal parties and has provided no other reason for the Court to believe their presence does not destroy diversity jurisdiction under the general rule.

Because the allegations are presently insufficient to allow the Court to determine the citizenship of Does 1-30, the Court cannot determine if it has jurisdiction.  It is therefore

**ORDERED** that, on or before **October 4, 2023**, plaintiff Peleus Insurance Company shall show cause why this case should not be dismissed due to the Court's lack of subject-matter jurisdiction.

DATED September 19, 2023.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge